Craig Solomon Ganz (023650)
ganzc@ballardspahr.com
Michael S. Myers (029978)
myersms@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Robert A. Kantor*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>ALFRED RAYMOND LAPETER,<br>Debtor. | Chapter 11 Proceedings<br>Case No. 4:14-bk-04278-BMW |
| ROBERT A. KANTOR,<br>Plaintiff,<br>v.<br>ALFRED RAYMOND LAPETER and SONDRA LOUISE KANTOR,<br>Defendants. | Adversary No. 4:14-ap-00843-BMW<br><br>**COMPLAINT** |

Plaintiff Robert A. Kantor ("Plaintiff"), through his attorneys, and for his Complaint against Alfred Raymond LaPeter ("Debtor" or "LaPeter") and Sondra Louise Kantor ("Kantor") (collectively, the "Defendants"), hereby alleges as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this action for fraudulent transfer of the property located at 265 South Golden Eagle Drive, Hailey, Idaho 83333 (the "Property"). Plaintiff seeks return of the property pursuant to the Property Settlement Agreement executed between Plaintiff and Plaintiff's ex-wife Kantor, of which Defendants had knowledge, and the Stipulation (defined below).

/ / /

## PARTIES

2. Plaintiff is a resident of the State of Idaho.

3. Debtor is a resident of the State of Arizona.

4. Upon information and belief, Kantor is a resident of the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334. This Complaint is governed by A.R.S. §§ 44-1004, 44-1005, and 1009, the common law of the State of Arizona, and the Federal Rules of Bankruptcy Procedure 7001, *et seq*.

6. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

7. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

8. On March 27, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

9. The Debtor did not disclose an interest in the Property in his original Schedules [DE 29] filed on April 10, 2014.

10. In his Statement of Financial Affairs ("SOFA") [DE 29], Debtor disclosed that he was a defendant in a lawsuit brought by Plaintiff in the Fifth Judicial District of the State of Idaho, Blaine County.

11. According to the Debtor's Amended Schedule A [DE 136], filed on July 22, 2014, the Debtor has a 50% interest in the Property.

**A.  The Property Settlement Agreement**

12. On April 30, 2012, Plaintiff and Kantor were divorced by Judgment entered in Blaine County, Idaho, Case No. CV-2011-0000525.

13. In connection with their separation and eventual divorce, Plaintiff and Kantor executed a Property Settlement Agreement on April 24, 2012. <u>Exhibit A</u>, Property Settlement Agreement.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

14. Paragraph 5 of the Property Settlement Agreement ("Paragraph 5") provides that the Property "shall be sold as soon as reasonably possible" and that, pending the sale, "[Plaintiff] shall maintain the property and pay all utilities provided to the property." *Id.*

15. Since approximately July 2012, Kantor has been in a romantic relationship with Debtor and, upon information and belief, continues to be in a romantic relationship with Debtor. Examination of Debtor, Exhibit B, p. 15 ll. 3 – 8.

16. Debtor had knowledge of the Property Settlement Agreement by "[s]ometime in 2012." Examination of Debtor, Exhibit B, p. 22 ll. 8 – 17.

17. Debtor discussed the Property Settlement Agreement, including Paragraph 5, with Kantor. Exhibit B, p. 24 ll. 11 – 13.

18. These discussions occurred prior to the time Debtor acquired an interest in the Property. Exhibit B, p. 25 l. 26 – p. 26 ll. 1 – 3.

19. Debtor knew that Plaintiff had the right to occupy the Property. Exhibit B, p. 25, ll. 2 – 6.

**B.  The 2012 Idaho Litigation and Transfer of the Property to Debtor**

20. In 2012, Plaintiff filed a lawsuit against Kantor in Blaine County, Fifth Judicial District, State of Idaho, Case No. CV-2012-734.

21. On September 12, 2013, a Stipulation was placed on the record, which was incorporated into a Court Order dated October 16, 2013. Exhibit C, Stipulation.

22. Under the Stipulation, Plaintiff and Kantor agreed that Plaintiff would pursue a principal balance loan reduction with Bank of America (the "loan modification"), and that Kantor would not contact Bank of America and would not pursue a short sale of the Property. *Id.*

23. On October 9, 2013, Plaintiff filed a Motion to Compel Recording of Quitclaim Deed ("Motion to Compel"), in which Plaintiff sought a court order requiring Kantor to record a quitclaim deed of the Property to Plaintiff. Exhibit D, Motion to Compel.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

24. The Motion to Compel was supported by Plaintiff's Affidavit, which explained that Bank of America was requiring a quitclaim deed from Kantor to Plaintiff as a condition of obtaining a loan modification. Exhibit E, Affidavit of Robert Aron Kantor in Support of Motion to Compel Recording of Quitclaim Deed.

25. Plaintiff had informed both Kantor and Debtor that the recording of the quitclaim deed was a requirement for further and final consideration of the loan modification by Bank of America, but Kantor refused to record a quitclaim deed despite assurances that her interest would be protected contractually. *Id*. ¶¶ 5-6.

26. The Motion and Affidavit were served on Kantor's attorney via facsimile transmission on October 9, 2013. *See* Exhibit D.

27. Also on October 9, 2013, the Debtor and Kantor executed a one-page Purchase and Sale Agreement ("PSA"), which was marked with a time of 4 p.m. Exhibit F, PSA.

28. Under the PSA, Kantor agreed to sell her 50% interest in the Property to the Debtor for the purported consideration of "$100 cash and subject to the existing loan of record in the approximate balance of $3,300,000 and approximately $350,000 in back payments due." *Id*.

29. There is no evidence that Debtor actually paid Kantor $100.

30. Debtor did not assume any liability on the loan with Bank of America. *See* Exhibit B, p. 33 ll. 20 – 23.

31. On October 10, 2013, Kantor transferred her interest in the Property to Debtor (the "Transfer") by way of a quitclaim deed ("Quitclaim Deed"). Exhibit G, Quitclaim Deed.

32. The court held a hearing on the Motion to Compel on November 15, 2013.

33. On November 20, 2013, the court entered an order granting the Motion to Compel. *See* Exhibit H, Order Compelling Recording of Quitclaim Deed (the "Order").

/ / /

34. The Order explicitly states that Kantor shall acquire back the Property from Debtor "by any and all means possible, and at her disposal, any and all interest in the real property that she granted [Debtor] by way of a quit claim deed executed by her on October 10, 2013." Kantor was then to quit claim her interest in the Property to Plaintiff. *Id.*

35. Kantor and Debtor have not complied with this Order.

**C.     The 2013 Idaho Litigation**

36. On November 18, 2013, Debtor demanded access to the Property despite his knowledge that Plaintiff was entitled to sole possession of the Property. Exhibit I, Complaint, at ¶ 18.

37. On November 20, 2013, Plaintiff filed a lawsuit against Kantor and Debtor in Blaine County, Fifth Judicial District, State of Idaho, Case No. CV-2013-765. Exhibit I, Complaint.

38. In the Complaint, Plaintiff alleged that Kantor had breached her duty of trust to Plaintiff by quitclaiming the deed to Debtor, that Debtor had tortiously interfered with the Property Settlement Agreement and Stipulation, that Debtor had exerted undue influence over Kantor, and requested damages and injunctive relief, including a request for a temporary restraining order. *Id.*

39. On November 21, 2013, the court granted the Plaintiff's Temporary Restraining Order. The court found that Plaintiff's possession of the Property was exclusive and prohibited Kantor or Debtor from disturbing or attempting to disturb Plaintiff's sole possession of the Property. Exhibit J, Temporary Restraining Order.

40. On December 12, 2013, the Defendants filed an Answer and Counterclaim. Exhibit K.

**D.     Debtor's Bankruptcy Case**

41. On March 27, 2014, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

/ / /

42. Debtor did not disclose his interest in the Property until almost three months later on July 22, 2014, the same date as his debtor's examination. Exhibit B to Debtor's Amended Schedule A [DE 136].

43. Debtor has made no attempt to quitclaim the interest in the Property back to Kantor or to otherwise facilitate the loan modification.

## FIRST CLAIM FOR RELIEF

### (**Fraudulent Transfer**)

44. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

45. The day after Plaintiff filed the Motion to Compel, Kantor transferred her interest in the Property to Debtor (the "Transfer").

46. Kantor made the Transfer with the actual intent to hinder, delay, and defraud Plaintiff.

47. At and before the time of the Transfer, Debtor had actual knowledge of Plaintiff's rights in the Property.

48. Debtor executed the PSA and accepted title to the Property via the Quitclaim Deed with the actual intent to hinder, delay, and defraud Plaintiff.

49. Debtor filed bankruptcy on March 27, 2014, with the actual intent to hinder, delay, and defraud Plaintiff.

50. Kantor did not receive reasonably equivalent value in exchange for the Transfer.

51. At the time of the Transfer, Kantor knew or should have known she would incur debts beyond her ability to pay as they became due.

52. Pursuant to A.R.S. § 44-1002, Kantor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

WHEREFORE, Plaintiff requests that this Court enter judgment against Debtor:

A. Avoiding the Transfer;

///

B.	Directing Defendant Debtor and any and all subsequent transferees of the property interest to return the interest in Property to Kantor;

C.	Enjoining Defendants from further transferring or encumbering the Property; and

D.	For such other and further relief as this Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 8th day of October, 2014.

                                        BALLARD SPAHR LLP

                                        By: */s/ Craig Solomon Ganz*
                                            Craig Solomon Ganz
                                            ganzc@ballardspahr.com
                                            Michael S. Myers
                                            myersms@ballardspahr.com
                                            1 East Washington Street, Suite 2300
                                            Phoenix, Arizona  85004-2555
                                            Telephone:	602.798.5400
                                            Facsimile:	602.798.5595
                                            *Attorneys for Robert A. Kantor*

# CERTIFICATE OF SERVICE

I certify that on this 8th day of October, 2014, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Bankruptcy Court, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

COPY of the foregoing sent via e-mail
this 8th day of October, 2014, to:

John C. Smith
john@smithandsmithpllc.com
GERALD K. SMITH AND JOHN C. SMITH LAW OFFICE
6720 E. Camino Principal, Suite 204
Tucson, Arizona 85715
Attorneys for Debtor

Renee Sandler Shamblin
renee.s.shamblin@usdoj.gov
OFFICE OF THE U.S. TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003


By: */s/ Craig Solomon Ganz*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400